

08CV2729
JUDGE NORGLE
MAG. JUDGE NOLAN

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
OFFICE OF THE CLERK

GREGORY C. LANGHAM
CLERK OF COURT

Room A-105
Alfred A. Arraj United States
Courthouse
901 19th Street
Denver, Colorado 80294
Phone(303) 844-3433
www.cod.uscourts.gov

May 6, 2008

United States District Court
for the Northern District of Illinois
Everett McKinley Dirksen
United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

**FILED**
MAY 1 2 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Re:   Western Sugar Cooperative, Inc. v. Olmarc Packaging Co.
       United States District Court Civil Case No. 07-cv-02587-RPM

Attn: Clerk of the Court

Enclosed are the following:

1. Certified copy of the docket sheet.
2. Certified copy of the Order Transferring Case.

The pleadings and docket sheet in the above referenced case are transferred to your court by Order of Transfer entered by Senior District Judge Richard P. Matsch on May 6, 2008.

Electronically filed documents in this case may be accessed through ECF/PACER, web address http://ecf.cod.uscourt.gov. Any documents not available electronically are enclosed in paper format.

Please return a signed copy of this letter to this court to acknowledge receipt of the above referenced.

Cordially,

Gregory C. Langham, Clerk

By:   s/ J. Chris Smith
         Deputy Clerk

Enclosures

Received by: _____

Date: _____

08CV2729
JUDGE NORGLE
MAG. JUDGE NOLAN

ALLMTN, TERMED

**U.S. District Court**
**District of Colorado (Denver)**
CIVIL DOCKET FOR CASE #: 1:07-cv-02587-RPM-BNB
Internal Use Only

FILED
J.N
MAY 1 2 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Western Sugar Cooperative, Inc. v. Olmarc Packaging Co.
Assigned to: Judge Richard P. Matsch
Referred to: Magistrate Judge Boyd N. Boland
Cause: 28:1332 Diversity-Breach of Contract

Date Filed: 12/12/2007
Date Terminated: 05/06/2008
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**Western Sugar Cooperative, Inc.**
*a Colorado corporation*

represented by **Alexandra R. Rosenblatt**
Baker & Hostetler, LLP-Denver
303 East 17th Avenue
#1100
Denver, CO 80203-1264
303-764-4096
Fax: 303-861-7805
Email: arodu@bakerlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Olmarc Packaging Co.**
*an Illinois corporation*

represented by **Alison Lee Berry**
Woodrow & Sobel, P.C.
999 18th Street
#2550
Denver, CO 80202-2499
303-296-1400
Fax: 303-296-1924
Email: aberry@woodrow-sobel.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/12/2007 | 1 | COMPLAINT against Olmarc Packaging Co. ( Filing fee $ 350, Receipt Number COX006338) Summons not issued, filed by Western Sugar Cooperative, Inc. (Attachments: # 1 Exh A, # 2 Exh B, # 3 Exh C, # 4 Civil Cover Sheet, # 5 Receipt) (llr, ) (Entered: 12/13/2007) |
| 12/12/2007 | 2 | CORPORATE DISCLOSURE STATEMENT by Plaintiff Western Sugar Cooperative, Inc. (llr, ) (Entered: 12/13/2007) |
| 12/14/2007 | 3 | ORDER REFERRING CASE to Magistrate Judge Boyd N. Boland signed by Judge Richard P. Matsch on 12/14/2007. (rpmcd) (Entered: 12/14/2007) |
| 12/27/2007 | 4 | ORDER: Scheduling Conference set for 2/19/2008 03:00 PM in Courtroom A 401 before Magistrate Judge Boyd N. Boland. Signed by Magistrate Judge Boyd N. Boland on 12/27/07. (gms, ) (Entered: 12/27/2007) |

| | | |
|---|---|---|
| 02/12/2008 | ●5 | MINUTE ORDER resetting Scheduling Conference for 3/11/2008 09:00 AM in Courtroom A 401 before Magistrate Judge Boyd N. Boland by Magistrate Judge Boyd N. Boland on 02/12/08. (jjh, ) (Entered: 02/12/2008) |
| 03/07/2008 | ●6 | MINUTE ORDER resetting Scheduling Conference for 4/9/2008 09:00 AM in Courtroom A 401 before Magistrate Judge Boyd N. Boland by Magistrate Judge Boyd N. Boland on 03/07/08. (jjhsl, ) (Entered: 03/07/2008) |
| 03/21/2008 | ●7 | SUMMONS Returned Executed by Western Sugar Cooperative, Inc.. Olmarc Packaging Co. served on 12/28/2007, answer due 1/17/2008. (Rosenblatt, Alexandra) (Entered: 03/21/2008) |
| 03/24/2008 | ●8 | Docket Annotation re: 7 Summons Returned Executed. Page 2 of this pdf that contains information on who was served and when is not readable. Counsel has been advised. They will attempt to obtain a more readable pdf and if so, they will re-file the return of service. Text only entry - no document attached (gmssl, ) (Entered: 03/24/2008) |
| 04/02/2008 | ●9 | Proposed Scheduling Order by Plaintiff Western Sugar Cooperative, Inc.. (Rosenblatt, Alexandra) (Entered: 04/02/2008) |
| 04/03/2008 | ●10 | NOTICE of Entry of Appearance by Alison Lee Berry on behalf of Olmarc Packaging Co. (Berry, Alison) (Entered: 04/03/2008) |
| 04/07/2008 | ●11 | MOTION to Dismiss for Lack of Jurisdiction by Defendant Olmarc Packaging Co.. (Attachments: # 1 Exhibit)(Berry, Alison) (Entered: 04/07/2008) |
| 04/09/2008 | ●12 | SCHEDULING ORDER: Discovery due by 10/10/2008. Dispositive Motions due by 11/10/2008. Final Pretrial Conference set for 1/13/2009 09:00 AM before Magistrate Judge Boyd N. Boland. Signed by Magistrate Judge Boyd N. Boland on 04/09/08. (jjh, ) (Entered: 04/09/2008) |
| 04/09/2008 | ●13 | MINUTE ORDER a Pretrial Conference is set for 01/13/09 at 9:00 a.m. by Magistrate Judge Boyd N. Boland on 04/09/08. (jjh, ) (Entered: 04/09/2008) |
| 04/09/2008 | ●14 | Minute Entry for proceedings held before Magistrate Judge Boyd N. Boland. Scheduling Conference held on 4/9/2008. Discovery due by 10/10/2008. Dispositive Motions due by 11/10/2008. Proposed Pretrial Order due by 1/6/2009. Final Pretrial Conference set for 1/13/2009 09:00 AM in Courtroom A 401 before Magistrate Judge Boyd N. Boland. (Court Reporter FTR-G.Mattei.) (bnbcd, ) (Entered: 04/09/2008) |
| 04/25/2008 | ●15 | MOTION For Extension of Time to *Submit a Response to Defendant's Motion to Dismiss for Lack of Jurisdiction* by Plaintiff Western Sugar Cooperative, Inc.. (Attachments: # 1 Proposed Order (PDF Only))(Rosenblatt, Alexandra) (Entered: 04/25/2008) |
| 04/25/2008 | ●16 | Minute ORDER Granting Unopposed 15 Motion for a One Week Extension of Time to Submit a Response to Defendant's Motion to Dismiss for Lack of Jurisdiction to and including May 5, 2008, by Judge Richard P. Matsch on 4/25/2008.(rpmcd) (Entered: 04/25/2008) |
| 05/05/2008 | ●17 | Stipulated MOTION to Transfer Case *To The United States District Court for the Northern District of Illinois and to Stay Further Action on Defendant's Moton to Dismiss for Lack of Personal Jurisdiction* by Plaintiff Western Sugar Cooperative, Inc.. (Attachments: # 1 Proposed Order (PDF Only))(Rosenblatt, Alexandra) (Entered: 05/05/2008) |
| 05/06/2008 | ●18 | ORDER granting Stipulated 17 Motion to Transfer Venue to the United States District Court for the Northern District of Illinois. ORDERED that Defendants Motion to Dismiss for Lack of Personal Jurisdiction is stayed. Pursuant to 28 U.S.C. 1404(a), the case is hereby transferred to the United States District Court for the Northern District of Illinois. Signed by Judge Richard P. Matsch on 05/06/08.(jjh, ) (Entered: 05/06/2008) |
| 05/06/2008 | ● | (Court only) ***Civil Case Terminated pursuant to the Order of Transfer signed on |

| | | |
|---|---|---|
| | | 05/06/08. (jjh, ) (Entered: 05/06/2008) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

08CV2729
JUDGE NORGLE
MAG. JUDGE NOLAN

Civil Action No. 07-cv-02587-RPM-BNB

Western Sugar Cooperative, Inc., a Colorado corporation,

    Plaintiff,

v.

Olmarc Packaging Co., an Illinois corporation,

    Defendant.

**ORDER GRANTING STIPULATED MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

This matter comes before the Court on the parties' Stipulated Motion to Transfer Venue to the United States District Court for the Northern District of Illinois. The Court has reviewed that Motion. The Motion is meritorious and acceptable. Therefore, it is

ORDERED that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is stayed. Pursuant to 28 U.S.C. 1404(a), the case is hereby transferred to the United States District Court for the Northern District of Illinois. The clerk of court is to take all necessary steps to accomplish the transfer.

ORDERED this 6th day of May, 2008.

BY THE COURT:

s/Richard P. Matsch

_____
U.S. District Court Judge

I, the undersigned, Clerk of the United States District Court for the District of Colorado, do certify that the foregoing is a true copy of an original document remaining on file and record in my office.
WITNESS my hand and SEAL of said Court this 6 day of May 2008.
GREGORY C. LANGHAM
By _____ Deputy

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

Western Sugar Cooperative, Inc., a Colorado corporation

        Plaintiff,

v.

Olmarc Packaging Co., an Illinois corporation,

        Defendant

## COMPLAINT

Plaintiff Western Sugar Cooperative, Inc., by and through its counsel Baker & Hostetler LLP, for its Complaint against the above-named defendant states as follows:

### PARTIES

1. Plaintiff Western Sugar Cooperative, Inc. ("Western Sugar") is a Colorado corporation with its principal place of business located at 7555 East Hampden Avenue, Suite 600, Denver, Colorado 80231.

2. Defendant Olmarc Packaging Co. ("Olmarc Packaging") is an Illinois corporation with its principal place of business located at 165 West Lake Street, Northlake, Illinois 60164.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1332 because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

4. This Court has personal jurisdiction over the Defendant Olmarc Packaging. under the United States Constitution and the Colorado long-arm statute, C.R.S. 13-124-1, because Olmarc Packaging transacted business within Colorado.

5. Venue is proper in the United States District Court for the District of Colorado under 28 U.S.C. § 1391 because the events or omissions giving rise to the claims herein occurred in Denver, Colorado.

**GENERAL ALLEGATIONS**

6. Plaintiff Western Sugar is a Colorado-based cooperative of sugar growers in Colorado, Nebraska, Wyoming and Montana.

7. Defendant Olmarc Packaging is a corporation specializing in the packaging of food products.

8. Upon information and belief, in early 2007 Olmarc Packaging began working with broker B.W. Dyer & Co., located in Telluride, Colorado, to arrange for the purchase of sugar from Western Sugar. Through B.W. Dyer & Co., Olmarc Packaging was put into contact with representatives of Western Sugar located in Denver, Colorado.

9. Olmarc Packaging began the process of ordering sugar from Western Sugar by first completing a Commercial Credit Application ("Application"), attached hereto as Exhibit A.

The Application was signed by the Controller and Principal Corporate Officer of Olmarc Packaging on May 25, 2007. The Application was sent to Western Sugar's Denver office.

10. In June, 2007, Olmarc Packaging and Western Sugar entered into an oral contract ("Contract") for the delivery of sugar.

11. From June 28, 2007 to July 10, 2007, Western Sugar delivered sugar to Olmarc Packaging pursuant to the Contract.

12. During the same time period, Western Sugar sent invoices to Olmarc Packaging for the sugar and Olmarc Packaging paid the invoices.

13. On June 12, 2007, Olmarc Packaging submitted to the Denver office of Western Sugar a Purchase Requisition, through broker B.W. Dyer & Co., for the delivery of sugar from June 21, 2007 through October 1, 2007. The Purchase Requisition is attached hereto as Exhibit B.

14. In July and August of 2007, Western Sugar delivered sugar to Olmarc Packaging according to the terms of the Contract and Purchase Requisition.

15. On various dates in July and August of 2007, Western Sugar sent invoices, totaling $167,458.20, to Olmarc Packaging. These invoices are attached hereto as Exhibit C.

16. Olmarc Packaging did not respond in any way to the invoices until it was questioned by B.W. & Dyer Co. on August 30, 2007. At that point, Olmarc Packaging, through Marv Gitler, Olmarc Packaging's Purchasing Manager, reported that it had financial issues and would bring the account up to terms by the beginning of October, 2007.

17. To date, Olmarc Packaging has not made any payments on any of the invoices attached hereto as Exhibit C.

## **FIRST CLAIM FOR RELIEF**

### **(Breach of Contract)**

18. The allegations contained in Paragraphs 1 through 17 are incorporated by reference, as though more fully set forth herein.

19. Western Sugar and Olmarc Packaging entered into a binding contract for the delivery of sugar in exchange for payment by Olmarc Packaging.

20. Western Sugar delivered sugar to Olmarc Packaging according to the terms of the contract.

21. Defendant failed to perform its obligations under the contract by refusing to make payment to Western Sugar.

22. Defendant's breach of its contractual duties has caused Western Sugar damages in an amount to be proven at trial.

## **SECOND CLAIM FOR RELIEF**

### **(Payment for Goods Sold and Delivered)**

23. The allegations contained in Paragraphs 1 through 22 are incorporated by reference, as though more fully set forth herein.

24. Western Sugar delivered goods to Olmarc Packaging, for which Western Sugar has not received full payment.

25. Olmarc Packaging is obligated to pay Western Sugar for the value of goods and services rendered, pursuant to C.R.S. 4-2-709, plus interest.

26. The total sum of $167,458.20 is due without defense or offset.

## THIRD CLAIM FOR RELIEF

### (Account Stated)

27. The allegations contained in Paragraphs 1 through 26 are incorporated by reference, as though more fully set forth herein.

28. An account stated has been rendered by Western Sugar to Olmarc Packaging by way of the invoices sent in July and August of 2007.

29. Western Sugar and Olmarc Packaging examined and accepted the correctness of the account.

30. Western Sugar and Olmarc Packaging agree that the balance and all items of account representing the previous monetary transactions of the parties are correct.

31. Olmarc Packaging has admitted liability for and promised to pay the amount in the invoices.

32. The parties have assented and there has been a meeting of the minds regarding Olmarc Packaging's liability for the amount in the invoices.

33. As a result, Western Sugar is entitled to recover its actual damages plus interest, in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF

### (Unjust Enrichment/ Quantum Meruit)

34. The allegations contained in Paragraphs 1 through 33 are incorporated by reference, as though more fully set forth herein.

35. At its expense, Western Sugar conferred a benefit on Olmarc Packaging by its delivery of sugar to Defendant.

36.　　Olmarc Packaging appreciated or realized the benefit conferred upon it by Western Sugar.

37.　　Olmarc Packaging accepted the benefit conferred upon it by Western Sugar under such circumstances that it would be inequitable for Olmarc Packaging to retain the benefit without payment of its value.

38.　　Western Sugar has been damaged by Olmarc Packaging's unjust enrichment in an amount to be proved at trial.

WHEREFORE, Plaintiff Western Sugar respectfully requests this Court:

(a)　　to enter judgment and award damages in favor of Plaintiff Western Sugar and against Defendant Olmarc Packaging on Western Sugar's breach of contract claim;

(b)　　to enter judgment and award damages in favor of Plaintiff Western Sugar and against Defendant Olmarc Packaging on Western Sugar's payment for goods sold and delivered claim;

(c)　　to enter judgment and award damages in favor of Plaintiff Western Sugar and against Defendant Olmarc Packaging on Western Sugar's account stated claim;

(d)　　to enter judgment and award damages in favor of Plaintiff Western Sugar and against Defendant Olmarc Packaging on Western Sugar's unjust enrichment claim;

(e)　　to award Western Sugar pre-judgment and post-judgment interest;

(f)　　to award Western Sugar costs and attorneys' fees as appropriate; and

(g)　　to award such further relief as the Court deems just and proper.

| | |
|---|---|
| Dated this 12th day of December, 2007 | BAKER & HOSTETLER LLP |
| | *Duly Authorized Signature on File*<br>*at the Offices of Baker & Hostetler LLP* |
| | s/Alexandra R. Rosenblatt<br>Marc D. Flink #12793<br>Alexandra R. Rosenblatt #37965<br>303 East 17th Avenue, Suite 1100<br>Denver, CO  80203-1264<br>Tel: 303.861.0600<br>Fax: 303.861.7805 |
| | Attorneys for Plaintiff<br>Western Sugar Cooperative Inc. |